UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jolene Ferguson,                       Case No. 3:20-cv-1584

        Plaintiff

    v.                                  MEMORANDUM OPINION
                                                 AND ORDER

Commissioner of the
Social Security Administration,

        Defendant

## I. INTRODUCTION

Before me is the Report & Recommendation ("R & R") of Magistrate Judge Kathleen B. Burke. (Doc. No. 18). Judge Burke recommends I affirm the final decision of the Defendant Commissioner of the Social Security Administration, denying Plaintiff Jolene Ferguson's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (*Id.*). Ferguson timely filed objections to the R & R. (Doc. No. 19). The Commissioner filed a response urging me to adopt Judge Burke's R & R but not substantively addressing the objections. (Doc. No. 20).

## II. BACKGROUND

After reviewing the R & R, and hearing no objection to these sections by Ferguson, I hereby incorporate and adopt, in full, the "Procedural History" and "Evidence" sections set forth in the R & R. (Doc. No. 18 at 1-8).

## III. STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a determination by the Commissioner of Social Security under the Social Security Act, a district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)); *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) ("Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); 42 U.S.C. § 405(g).

The district judge "may not reverse a decision supported by substantial evidence, even if [he] might have arrived at a different conclusion." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 391 (6th Cir. 2005). Still, a district judge must reverse even a decision supported by substantial evidence "where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

Importantly, a district judge "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996))

(alteration added by *Fleischer*). "[T]he Court's obligation is to review the ALJ's rationale, not invent a new one or speculate as to how the ALJ might have reached her conclusion." *Freeze v. Comm'r of Soc. Sec.*, No. 18-12960, 2019 WL 4509130, at *2 (E.D. Mich. Sept. 19, 2019).

## IV.    DISCUSSION

In the R & R, Judge Burke concluded, "the ALJ did not err when she determined that Ferguson's mental impairments were not severe at step two because she followed the appropriate guidelines for assessing her mental impairments and she had an opportunity to, and did, consider her non-severe mental impairments when assessing the RFC." (Doc. No. 18 at 14). Ferguson challenges this conclusion, maintaining that the ALJ erred by finding her mental health conditions were non-severe at step two. (Doc. No. 19). Ferguson also contends the alleged step two error "result[ed] in an inaccurate residual functional capacity." (Doc. No. 19 at 3-4).

Judge Burke correctly noted "that an error at step two is harmless so long as the ALJ is able to consider the claimant's non-severe impairment when assessing the RFC." (Doc. No. 18 at 11 (citing *Maziarz v. Sec'y of Health & Hum. Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009))). Because the ALJ considered Ferguson's mental health when assessing the RFC, the ALJ's finding that her mental health was a non-severe impairment at step two does not call for remand, even if it was in error. Therefore, I need not consider whether Judge Burke erroneously upheld the ALJ's step two analysis.

The only question remaining is whether the substantial evidence supports the ALJ's decision not to include any mental health limitations in the RFC determination. In her objections, Ferguson cites limitations contained in the opinions of psychological consultant, Brian R. Griffiths, Psy. D, and state agency psychological consultant, Dr. Richardson. (Doc. No. 19 at 2-4). The ALJ discussed both of these opinions and the limitations contained therein but found both to be unpersuasive. (Doc. No. 12 at 26-27). Without challenging any of the ALJ's specific findings,

Ferguson suggests the ALJ should not have discounted these opinions because they were inconsistent with her own testimony and because they were not supported by mental health evidence. But this argument is at odds with well-settled law. *See* 20 C.F.R. § 404.1520c &20 C.F.R. § 416.920c. Therefore, I overrule Ferguson's objection and conclude the ALJ's RFC determination is supported by substantial evidence.

## V. CONCLUSION

For the foregoing reasons, I adopt Judge Burke's recommendation that the Commissioner's decision be affirmed and close this case. The motion for leave to withdraw is denied as moot. (Doc. No. 21).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge